UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JUAN SOSA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:10 CV 404 |
| KENNETH FRIES, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

Juan Sosa, a *pro se* prisoner, submitted an amended complaint (DE # 10) under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Sosa names two defendants. He alleges that while he was in custody, Sheriff Kenneth Fries refused to authorize heart bypass surgery and cancelled several of his doctor appointments. He alleges that Transport Officer Heine also cancelled his doctor

appointments. Finally, he alleges that he was charged for the medical care that he did receive. First, it must be noted that though the Constitution guarantees that inmates receive necessary medical care, it does not guarantee free medical care. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997); *see also Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 n.7 (1983) ("Nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him."). Therefore Sosa has no claim based on having been charged for the medical care he received.

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Although the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes, and although the rights of pretrial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Here, Sosa's only allegation against Transport Officer Heine is that he cancelled doctor appointments after Sheriff Fries refused to pay for them and ordered that he not be taken to those appointments. Sosa alleges "that Kenneth Fries made all decisions." (DE # 10 at 4.) Sosa does not allege, and based on this complaint it would not be reasonable to infer, that Officer Heine prevented him from obtaining emergency medical attention. Rather he merely alleges that Officer Heine followed the order given by Sheriff Fries directing that Sosa not be taken to a follow-up doctor appointment. Though Sheriff Fries may have been deliberately indifferent to have issued that order, there is no indication that Officer Heine was deliberately indifferent to have followed it.

Therefore the claims against Transport Officer Heine will be dismissed. On the other hand, giving Sosa the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, his allegations against Sheriff Fries state a claim for a denial of medical treatment in violation of the Fourteenth Amendment.

For the foregoing reasons, the court:

(1) **GRANTS** Juan Sosa leave to proceed against Sheriff Kenneth Fries in his individual capacity for monetary damages for denying him medical treatment for his heart disease in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Transport Officer Heine;

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Sheriff Kenneth Fries to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sheriff Kenneth Fries; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sheriff Kenneth Fries respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

                                            **SO ORDERED.**

Date: March 14, 2011

                                            s/James T. Moody
                                            JUDGE JAMES T. MOODY
                                            UNITED STATES DISTRICT COURT